UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY L. STEPHENS,

        Petitioner,                Case No. 1:10-cv-1266

v.                                      Honorable Janet T. Neff

CAROL R. HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Florence Crane Correctional Facility. He was tried in the Wayne County Circuit Court on charges of carrying a concealed weapon (CCW), MICH. COMP. LAWS § 750.227; possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b(1); and open murder, MICH. COMP. LAWS § 750.318. The jury convicted Petitioner of CCW and acquitted him of the remaining charges, finding that he had acted in self-defense.

The sentencing guideline range for Petitioner's minimum sentence was zero to seventeen months for the CCW conviction. The trial court departed upward from the sentencing guidelines and imposed a sentence of forty to sixty months. The court stated at the sentencing hearing that it disagreed with the jury's verdict and believed that the case involved a brutal murder. (Hearing Transcript, 4-5, Page ID#65-66.) The trial court further opined that Petitioner's theory of self-defense was contradicted by evidence that the victim was shot in the back eleven times. (*Id.*)

Petitioner appealed as of right to the Michigan Court of Appeals claiming that the trial court improperly departed from the sentencing guidelines based upon the court's belief that Petitioner committed murder even though he had been acquitted of that offense by a jury. The Michigan Court of Appeals affirmed Petitioner's sentence in an unpublished opinion issued on May 12, 2009. The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 28, 2009, and his motion for reconsideration on December 21, 2009.

In his application for habeas corpus relief, Petitioner claims that the trial court violated his due process rights when he made an independent finding that Petitioner was guilty of

murder, a charge for which he was acquitted by the jury, and sentenced him beyond the sentencing guideline range based upon that finding.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions "are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner contends that the trial court violated his due process rights by departing upward from the sentencing guidelines and imposing a sentence of forty to sixty months for his CCW conviction. Petitioner argues that the trial court's departure was error because the jury heard the same facts and acquitted him, implicitly concluding that he did not commit a brutal murder but was in fact the victim. The Michigan Court of Appeals rejected Petitioner's claim on appeal, stating:

> While facts supporting a departure from a maximum sentence must be admitted by the defendant or found by a jury beyond a reasonable doubt, *Blakely v Washington*, 542 US 296, 301; 124 S Ct 2531; 159 L Ed 2d 403 (2004), this rule does not apply to the minimum sentence of an indeterminate sentence under

> Michigan's sentencing scheme. *See People v Drohan*, 475 Mich 140; 715 NW2d 778 (2006). Defendant notes that the guidelines calculation resulted in a recommendation within an intermediate sanction cell, such that probation or a jail sentence would apply under MCL 769.34(4) absent a substantial and compelling reason for departure. However, this range refers to the minimum sentence of defendant's indeterminate sentence. *People v Harper*, 479 Mich 599; 739 NW2d 523 (2007). Thus, *Blakely* did not apply.
>
> Defendant further asserts that departure was not warranted because various offense variables took the death of the victim into account, as defendant was scored for discharging a firearm at a human being and killing a victim. Given these facts, defendant claims that the trial court did not articulate substantial and compelling reasons for a departure. We disagree.
>
> A substantial and compelling reason exists only in exceptional cases, must be objective and verifiable, must keenly or irresistibly grab a court's attention, and must be of considerable worth in deciding the length of a sentence. *People v Babcock*, 469 Mich 247, 257; 666 NW2d 231 (2003). A departure may not be based on "an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b). Here, the objective and verifiable facts are that a killing was associated with the carrying of the concealed weapon. Moreover, the victim was shot in the back and was shot 11 times. These facts support the court's conclusion that this was a brutal murder. Moreover, the facts "keenly" grab this Court's attention, and were of considerable worth in deciding the length of defendant's sentence.

*People v. Stephens*, No. 284251, 1-2 (Mich. Ct. App. May 12, 2009).

"It is undisputed that convicted defendants, . . . have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990).[1] Petitioner, however, fails to articulate the grounds upon which the trial court's departure from the Michigan sentencing guidelines violates any federal due process right he possesses. In *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000), the petitioner claimed that the trial court violated his due process rights when she sentenced the petitioner as if he had been convicted of first-degree murder, even

---

[1] To the extent Petitioner's sentencing claim is based upon alleged violation of state law, he fails to raise a cognizable federal claim. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000).

though he was convicted of second-degree murder. While the recommended sentencing guideline range was twelve to twenty-five years' imprisonment, the trial court imposed a sentence of forty to sixty years. The trial court expressed surprise that the petitioner was not charged with first-degree murder and reasoned that the facts of the case required an upward departure from the recommended sentence under the Michigan guidelines. Specifically, the trial court noted that Petitioner pursued his fleeing, injured victim into the street and through a busy intersection, thereby making a conscious effort to enable him to deliver the fatal stab wound. *Id.* Despite the significant increase from the sentencing guidelines, the Sixth Circuit found that the petitioner was "unable to substantiate a single violation of any of his constitutional guarantees to due process." *Id.*

It is clear from *Austin* that sentencing above the guideline range, even significantly above the guideline range, is not a due process violation. *Id*. at 301. "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Id.* (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). In this case, the statutory maximum penalty for CCW is five years. MICH. COMP. LAWS §750.227(3). Although Petitioner's sentence of forty to sixty months may have exceeded the recommended guideline range, it did not exceed the statutory limit. Morever, the facts upon which the trial court based Petitioner's sentence, i.e., that the victim was shot in the back eleven times, are supported by the record. The findings in the record are presumed to be correct, and Petitioner has not met his burden of rebutting said presumption. *See* 28 U.S.C. § 2254(e)(1). Petitioner, therefore, cannot establish a violation of his due process rights. Likewise, the use of acquitted conduct to calculate a defendant's minimum sentence does not violate his Sixth Amendment right to a jury trial. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (2009).

The Michigan Court of Appeals also correctly held that the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004), did not apply to the trial court's determination of Petitioner's minimum sentence. *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. Nov. 10, 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, the state court's determination of Petitioner's claim was not contrary to federal law clearly established by the United States Supreme Court or an

unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (quoting *Alexander v Harris*, 595 F.2d 87, 91 (2d Cir. 1979)) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: January 7, 2011          /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge